FILED
June 02, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002675241

3

KAREN EHLER
SBN 88634
LAW OFFICE OF KAREN EHLER
433 SECOND STREET, SUITE 100
WOODLAND, CA 95695
(530)666-7176
(530)666-0326 FAX

ATTORNEY FOR DEBTORS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

WILLIAM GORDON JEFFREY JR
MIRIAM LOUISE JEFFREY

CASE NO.2010-33457-A-7
DOCKET CONTROL NO: KE-01
HEARING DATE: JULY 6,2010
HEARING TIME: 9:00 A.M.
COURTROOM: 28
THE HONORABLE MICHAEL S. MCMANUS

_____/

**MOTION FOR ORDER COMPELLING THE TRUSTEE TO ABANDON THE BANKRUPTCY ESTATE'S INTEREST IN DEBTORS' BUSINESS**

KAREN EHLER, on behalf of WILLIAM GORDON JEFFREY, JR., and MIRIAM LOUISE JEFFREY, the Debtors herein, hereby moves this Court for an Order Compelling the Trustee to Abandon the Bankruptcy Estate's Interest in the Debtor's business. This Motion is based on the following facts:

1. This case was commenced with the filing of a Petition on May 21, 2010. SHERI L. CARELLO was duly appointed to serve as Trustee.

2. As shown on the Statement of Financial Affairs in this case, the Debtor WILLIAM GORDON JEFFREY, JR operates a

1

business known as "WM. G. JEFFREY CONSTRUCTION". The Debtor performs home repair and remodeling in the Woodland/Davis area. The business has few assets and those assets are fully disclosed and exempted in Schedules B and C. Schedule B filed in this case identifies the following as assets used in the business:

    a. Premier West Bank business checking account with $286.00 on deposit as of the date of filing the Petition.

    b. Surety Bond with no cash value.

    c. 2002 pickup truck owned by the Debtors and driven by the Debtor when engaged in his business activities.

    d. Accounts receivable in the amount of $1165.14.

    e. A city of Woodland business license with no cash value.

    f. A city of Davis business license with no cash value.

    g. State of California contractor's license with no cash value.

    h. Tools owned by the debtors and used by the Debtor when engaged in his business activities.

3. Schedule C exempts these assets.

4. There are no other business assets which could be liquidated by the Trustee.

5. The Schedules and Statement of Financial Affairs are incorporated herein by reference.

6. 11 USC Section 554 provides for the abandonment of estate assets which are burdensome or of inconsequential value to the estate. Debtor's business is such a property.

7. Debtors assert that, based on the lack of any nonexempt equity in any business related asset, there is no benefit to the estate of either operating or shutting down this business.

8. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the debtors move this Court to

1. Issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

2. For such other relief as the Court deems just and proper.

Dated: June 1, 2010     _____
                        KAREN EHLER
                        Attorney for Debtors

3